UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX M. PETTIS, #NP1683, | |
| Petitioner, | CIVIL ACTION NO. 3:21-cv-00827 |
| v. | (KANE, J.) <br> (SAPORITO, M.J.) |
| SUPERINTENDENT BOBBY JO SALAMON, | |
| Respondent. | |

# MEMORANDUM

On May 6, 2021, the court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and mailed by the petitioner, Alex M. Pettis, on April 30, 2021. Doc. 1. At the time, Pettis was incarcerated at SCI Rockview, located in Centre County, Pennsylvania. The matter is now before the court on Pettis's motion to stay this federal habeas proceeding and hold his petition in abeyance to permit him to exhaust his state court remedies with respect to certain claims not previously presented to the state appellate courts. Doc. 21.

## I. PROCEDURAL BACKGROUND

On December 11, 2015, following a jury trial, the petitioner was convicted of robbery, simple assault, recklessly endangering another

person, and possessing an instrument of a crime. *See Commonwealth v. Pettis*, No. CP-22-CR-0003851-2014 (Dauphin Cnty. (Pa.) C.C.P.). On February 24, 2016, the state trial court sentenced Pettis to serve a term of 7 to 20 years in prison. *See id.* On April 24, 2017, the petitioner's conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania. *See Commonwealth v. Pettis*, 169 A.3d 1206 (Pa. Super. Ct. 2017) (table decision); *see also Commonwealth v. Pettis*, No. 914 MDA 2016, 2017 WL 1437520 (Pa. Super. Ct. Apr. 24, 2017) (unpublished decision). Pettis filed a petition for allocatur in the Supreme Court of Pennsylvania, which was denied on January 3, 2018. *See Commonwealth v. Pettis*, 177 A.3d 829 (Pa. 2018) (per curiam).

Pettis filed a *pro se* PCRA petition in the state common pleas court on or about March 7, 2018. *See Commonwealth v. Pettis*, No. CP-22-CR-0003851-2014 (Dauphin Cnty. (Pa.) C.C.P.). Following a *Grazier* hearing held on July 9, 2018, Pettis was granted leave to proceed *pro se* on his PCRA petition. *See id.* On December 12, 2019, the PCRA court entered a notice of intent to dismiss Pettis's most recently amended PCRA petition, dated August 7, 2019. *See id.*; *see also* Am. PCRA Pet., Doc. 11-3, at 25–31; Notice of Intent to Dismiss, Doc. 11-3, at 35–39. On December 31,

2019, in response to the PCRA court's notice, Pettis filed a supplement to his PCRA petition. *See Commonwealth v. Pettis*, No. CP-22-CR-0003851-2014 (Dauphin Cnty. (Pa.) C.C.P.); *see also* Supp. to PCRA Pet., Doc. 16, at 8–24. On March 10, 2020, for the reasons stated in the PCRA court's notice of intent to dismiss and upon consideration of the petitioner's supplement to his PCRA petition, the PCRA court dismissed Pettis's petition for post-conviction collateral relief. *See Commonwealth v. Pettis*, No. CP-22-CR-0003851-2014 (Dauphin Cnty. (Pa.) C.C.P.); *see also* Dismissal Order, Doc. 1, at 17, Doc. 11-3, at 40. Pettis appealed the dismissal of his PCRA petition to the Superior Court of Pennsylvania, which dismissed his appeal on December 24, 2020, for failure to file an appellant's brief. *See Commonwealth v. Pettis*, No. 627 MDA 2020 (Pa. Super. Ct.); *see also* Dismissal Order, Doc. 1, at 19.

Pettis constructively filed his federal habeas petition in this Court on April 30, 2021. Doc. 1. On December 7, 2023, Pettis filed the instant motion for stay and abeyance of the petition to permit him to exhaust certain additional federal habeas claims—new claims not previously advanced in the instant federal habeas petition—that he had not yet presented to the state courts. Doc. 21. That motion is ripe for decision.

## II. DISCUSSION

Generally, a federal district court may not grant a habeas petition unless the petitioner has first exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, the Supreme Court of the United States has held that, when a district court is presented with a "mixed" petition containing both exhausted *and* unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Fourteen years after the *Lundy* decision, Congress enacted the AEDPA, which imposed a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d); *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

In response, the federal courts have developed a "stay and abeyance" procedure in which "a district court might stay the petition

and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 276. But this stay-and-abeyance procedure is permitted only in limited circumstances: A district court is permitted to grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, Pettis contends that he has exhausted available state remedies with respect to some, but not all, of his federal habeas claims.[1]

---

[1] Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 844–55 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal
*(continued on next page)*

He requests this proceeding on his federal habeas petition be stayed and held in abeyance while he returns to state court to exhaust his previously unexhausted claims. But his request for a stay is premised on the mistaken impression that his petition is a "mixed" petition, subject to dismissal under *Lundy* and amenable to the stay-and-abeyance procedure under *Rhines*. It is not.

First of all, the currently operative habeas petition does not include *any* of the proposed additional federal habeas claims upon which his motion for stay and abeyance is based, and he has not moved for leave to file an amended petition.[2]

Second, and in any event, if Pettis were to return to state court now to attempt to exhaust these proposed additional federal habeas claims in a new PCRA petition, more than five years after his judgment of

---

or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

[2] Even if he did so move, the proposed amendment would be subject to denial on futility grounds, for the reasons articulated below.

conviction became final, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain statutorily enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). *See generally Commonwealth v. Smallwood*, 155 A.3d 1054, 1059–60 (Pa. Super. Ct. 2017) (noting that "[t]hese time limits are jurisdictional in nature" and "not subject to the doctrine of equitable tolling"). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas proceeding, Pettis's proposed additional federal habeas claims are exhausted, whether actually or technically so.

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court may not review a habeas claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

"[I]f the challenged claims are procedurally defaulted, not merely unexhausted, then the petition is no longer 'mixed,' the 'stay and abeyance' issue is moot, and the only question is whether the petitioner can overcome the procedural default of the challenged claims to allow

them to be considered by the federal court pursuant to § 2254." *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012); *see also id.* ("[T]he first question is not whether the *Rhines* factors warrant a 'stay and abeyance,' but whether the 'stay and abeyance' issue is moot."). Pettis's proposed additional federal habeas claims, not previously presented to the state appellate courts, would be procedurally defaulted, not merely unexhausted. Even if we were to permit him to amend his petition to add these proposed additional federal habeas claims, this notional amended petition would not be a "mixed" petition, as the one-year state PCRA limitation period expired well before he filed his motion. Therefore, the stay-and-abeyance issue is moot.

Accordingly, the motion to stay (Doc. 21) will be denied as moot.

An appropriate Order follows.

Dated: January 8, 2024      *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge